# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MASTER DESIGN DRYWALL, INC.; PACIFIC LATH & PLASTER; DOES 1-100,<br><br>Defendants. | CASE NO. 09CV0280-LAB (AJB)<br><br>**ORDER DENYING MOTION TO DISMISS;**<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>[Dkt. No. 7.] |

Plaintiff Century Surety Company ("Century") seeks the rescission of an insurance policy it issued to Defendant Master Design Drywall ("Master Design") on the grounds that Master Design misrepresented the full nature of its business when it applied for the policy. Specifically, Century alleges that Master Design represented it only does interior drywall and wallboard work, when in fact it does exterior lath and plaster work. Lath and plaster work is riskier, and Century maintains that had it known Master Design sought coverage for such work, it would not have issued the insurance policy at issue, or it would have issued the policy under materially different terms. Master Design doesn't deny that it does lath and plaster work. Its position is that Century knew (or should have known) this all along, and it's too late now to seek rescission.

Now before the Court is Master Design's motion to dismiss Century's complaint for failure to state a claim. This motion is pled, in the alternative, as a motion for summary judgment because it is accompanied by and relies on external evidence – that is, evidence that is not part of the pleadings.[1] That evidence consists of a declaration of Master Design's owner and president Mary Kathawa, along with five exhibits, including a copy of the "Accord Application" for the insurance policy at issue.

## I. Motion for Summary Judgment

### A. Legal Standard

"A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). *See* Fed. R. Civ. P. 12(d).[2] It is up to the Court to decide whether it will consider or reject such material.

When a motion to dismiss is converted to a motion for summary judgment, however, the general rule is that the non-moving party must be allowed to conduct discovery in order to oppose it. *Inlandboatmens Union of Pacific v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002). A motion to dismiss isn't automatically converted into a motion for summary judgment "whenever matters outside the pleading happen to be filed with the court and not expressly rejected by the court." *North Star Int'l v. Arizona Corporation Comm'n*, 720 F.2d 578, 582 (9th Cir. 1983). *See also E.E.O.C. v. Creative Networks, LLC*, Case No. CV 05-

---

[1] To be clear, Master Design's argument that Century's action is untimely goes to the motion to dismiss, and its argument that Century knew it performed and sought coverage for lath and plaster work goes to the alternative motion for summary judgment.

[2] Fed. R. Civ. P. 12(d) reads: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Ninth Circuit's rule articulated in *Anderson* – the Court must *rely* on the extrinsic evidence in order to convert a motion to dismiss into one for summary judgment – obviously varies somewhat from a literal reading of Rule 12(d). *Compare Max Arnold & Sons, LLC v. W.L. Halley & Co., Inc.*, 452 F.3d 494, 503 (6th Circuit 2006) (*mere presentation* of external evidence by party and court's failure to exclude it is sufficient to trigger conversion).

1 | 3032, 2006 WL 3834286 at *3 (D. Ariz. Dec. 29, 2006) (refusing to convert motion to dismiss
2 | into motion for summary judgment, based on documents extraneous to complaint, because
3 | preliminary stages of discovery and Rule 26(a) disclosures had not occurred); *Trew v. Volvo*
4 | *Cars of North America, LLC*, Case No. CIV-S-051379, 2006 WL 306904 at *5 (E.D. Cal. Feb.
5 | 8, 2006) (declining to consider declarations attached to motion to dismiss and convert it to
6 | a motion for summary judgment on grounds plaintiff hadn't had sufficient time for discovery);
7 | *Meridian Project Systems, Inc. v. Hardin Const. Co., LLC*, Case No. CIV–04-2728, 2005 WL
8 | 2615523 at *1 n.1 (E.D. Cal. Oct. 14, 2005) (declining to convert motion to dismiss into
9 | motion for summary judgment when discovery was in its infancy).

That there must be a meaningful opportunity for discovery before the Court will convert a motion to dismiss into a motion for summary judgment and rule on it is affirmed in Fed. R. Civ. P. 56(f), which relates to summary judgment motions and reads: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

**B.     Discussion**

Master Design would have the Court, on the basis of a declaration submitted by its owner and five attached documents, grant summary judgment in its favor. That would be premature. No discovery has taken place in this case, and the Court will not make a summary judgment ruling on the thin evidentiary record before it. Master Design filed its motion to dismiss, or in the alternative for summary judgment, just one month after this case was filed. Conversion is not favored under these circumstances. *Rubert-Torres v. Hospital San Pablo, Inc.*, 205 F.3d 472, 475 (1st Cir. 2000) (disfavoring conversion when the motion comes quickly after the complaint is filed and when "discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion"). Rule 12(d) explicitly requires that in the event of conversion "[a]ll parties must be given a

//

reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Century has not had this opportunity. In order to file a timely opposition brief just over one month after Master Design filed its motion, Century was unable to take meaningful discovery and thoroughly contest a motion for summary judgment. Consistent with Fed. R. Civ. P. 56(f), Century's counsel submitted an affidavit to the Court in which he testified that Master Design has made no Rule 26 disclosures, there have been no depositions, and with the exception of the documents attached to Kathawa's declaration, no documents have been produced. (*See* Dollinger Dep. at 2.) The Court agrees with Century that Master Design's attempt to seek summary judgment at this point in the litigation is premature. Master Design's motion for summary judgment is **DENIED**, but **WITHOUT PREJUDICE**.

## II. Motion to Dismiss

### A. Legal Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering such a motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). That said, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]ome threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (emphasis added).

### B. Discussion

Master Design argues that the facts alleged in Century's complaint establish that it knew in December of 2002 that Master Design did (and sought coverage for) lath and plaster

work, and that Century's claims are therefore barred by the statute of limitations. The basis for this argument is Exhibit B to Century's complaint, a copy of an "Inspection Report" of Master Design, prepared for Century by Cox & Smith Enterprises. This report, which is dated December 23, 2002, states that Master Design possessed a California "C-35" license for lath and plaster work, and that two employees of Master Design "are doing stucco patching on an on-call basis." Thus, Master Design maintains, "The December 23, 2002 'investigative report', as an exhibit to Century Surety's complaint, can be used as proof of Century Surety's constructive knowledge of the stucco and lath work." (Reply Br. at 4.)

The Court respectfully disagrees. The mere fact that Master Design has a license to do lath and plaster work in no way proves that it *does* such work, or that it sought from Century a general commercial liability policy for such work. This is especially true in the context of a motion to dismiss, when the Court must construe all facts in the light most favorable to Century.

It is also slightly misleading on Master Design's part to say "the report states, among other things, that Master Design . . . was doing 'stucco patching on an on call basis.'" (Reply Br. at 5.) In fact, the report notes, first, in a paragraph titled "OPERATIONS,"

> This company is doing interior wallboard work. They will install drywall using nail and screw guns. They will do the tape and mud work to finish the wall. This company is also doing some interior foam and spray work. There is no plaster or exterior work done through this company.

The reference to "stucco patching" appears below on the report, in a paragraph about the employees on Master Design's staff. Again, construing the facts in the light most favorable to Century, the report does not establish beyond question that Master Design was engaged in work other than interior drywall and wallboard work, or that it sought liability insurance for other work. The "stucco patching" line could easily be read to mean that Master Design's employees do stucco work on the side, or that they do stucco work for Pro-Wall, a lath and plaster company owned by Kathawa that is separate from the Defendant company in this

case.[3] It is certainly an insufficient basis for the Court to conclude that Century was on notice, long ago, that Master Design performed and sought coverage for lath and plaster work, and that its present lawsuit for misrepresentation is therefore untimely. Master Design's motion to dismiss is **DENIED**.

### III.  Conclusion

Master Design has brought a fact-intensive motion to dismiss, or in the alternative, for summary judgment. For the reasons given above, the motion to dismiss is **DENIED**. The motion for summary judgment may, in the final analysis, be meritorious, but it is premature and the Court is unwilling to consider it at this time. The parties have exchanged no discovery, and it would not be fair to Century to decide a motion for summary judgment on the evidence now before the Court, submitted in connection with briefings on the pending motion. The core of that evidence is self-interested declarations submitted by the parties – Kathawa for Master Design and the Vice President of Casualty Operations for Century – and each party raises numerous objections to the declaration submitted by the other. Master Design's motion for summary judgment is **DENIED WITHOUT PREJUDICE**.

The parties are to contact the chambers of Magistrate Judge Battaglia within 14 days of the date this Order is entered in order to set discovery deadlines and commence the discovery process. If Master Design so chooses, the Court will consider another motion for summary judgment at a later date.

**IT IS SO ORDERED**.

DATED: October 21, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[3] Pro-Wall was initially named in this lawsuit, but jointly dismissed as a Defendant on April 8, 2009. (Dkt. No. 13.)