cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio Corporation,<br><br>     Plaintiff,<br>v.<br><br>MASTER DESIGN DRYWALL, INC.,<br><br>     Defendants. | Civil No.09cv0280 LAB (AJB)<br><br>Order Granting Motion to<br>Quash Subpoenas<br><br>[Doc. Nos. 35 and 36] |

  Mary Kathawa and Pro Wall Lath and Plaster have filed Motions to Quash Subpoenas under Federal Rule of Civil Procedure 45 issued by Plaintiff or in the alternative move for a protective order under Federal Rule of Civil Procedure 26(c). The subpoenas seek production of documents over an eleven (11) year period from 1999 to the present. Pro Wall Lath and Plaster (hereinafter "Pro Wall") and Mary Kathawa contend that they have produced all relevant and non-privileged documents requested for the period 1999 to 2003, but argue that some of the documents sought from 1999 to 2003 and for 2003 to present are not relevant. impose an undue burden, and should be quashed.

### *Relevant Background*

  This litigation was brought by Century Surety Company (hereinafter "Century Surety") seeking recision of general liability insurance policy CCP 221293 issued to Master Design Drywall Inc dba Pacific Lath and Plaster ("Master Design") on November 18, 2002. The policy was in effect from November 1, 2002 through November 1, 2003. Century Surety is seeking recision on the grounds that

1  the Defendant, Master Design, made material misrepresentations during the application and underwrit-
2  ing process, which covered the period of 1999 to 2003.
3     Pro Wall, while identified in the caption of this case, was dismissed from this litigation without
4  having to answer as a defendant, because it has its own insurance policies unrelated to those issued by
5  Century Surety Company.
6     Ms. Kathawa is the President of Master Design and the owner and President of Pro Wall.

### *Discussion*

8     In addition to the discovery standards under Rule 26 incorporated by Rule 45, Rule 45 itself
9  provides that "on timely motion, the court by which a subpoena was issued shall quash or modify the
10  subpoena if it . . . subjects a person to undue burden." Rule 45(3)(A). Of course, "if the sought-after
11  documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any
12  burden whatsoever imposed would be by definition 'undue.' " *Compaq Computer Corp. v. Packard Bell*
13  *Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal.1995). Underlying the protections of Rule 45 is the
14  recognition that "the word 'non-party' serves as a constant reminder of the reasons for the limitations
15  that characterize 'third-party' discovery." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649
16  (9th Cir.1980) (citations omitted). Thus, a court determining the propriety of a subpoena balances the
17  relevance of the discovery sought, the requesting party's need, and the potential hardship to the party
18  subject to the subpoena. *Heat & Control*, 785 F.2d at 1024; *Gonzales v. Google*, 234 F.R.D. 674, 680
19  (N.D. Cal.2006); *see also* Fed. R. Civ. Pro. 45(c)(3)(B)(iii).  Any information sought by means of a
20  subpoena must therefore be relevant to the claims and defenses in the underlying case. More precisely,
21  the information sought must be "reasonably calculated to lead to admissible evidence." Rule 26(b). This
22  requirement is liberally construed to permit the discovery of information which ultimately may not be
23  admissible at trial. Over broad subpoenas seeking irrelevant information may be quashed or modified.
24  *See, e.g., Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal.2005) (quashing subpoena seeking
25  the production of all purchasing information where the *underlying contract dispute was limited to a*
26  *particular geographic region); W.E.* Green v. Baca, 219 F.R.D. 485, 490 (C.D. Cal.2003) (providing a
27  survey of cases where in limiting the scope of a subpoena, district courts "effectively sustain[ ] an
28  objection that the requests are vague, ambiguous, or overbroad in part, and overrules in part").

1   As a preliminary matter, the Court finds the scope of Century Surety's requests overbroad and burdensome on their face as they seek documents from 1999 to present, when the policy was in effect from November 1, 2002 to November 1, 2003.  Despite the Plaintiff's arguments to the contrary, the documents sought beyond 2003 are not relevant to the claims or defenses presented in this case and the undue burden that such production would impose on these third parties far outweighs any perceived benefit.  As such, the Court hereby GRANTS IN PART the Motions to Quash the Subpoenas issued to Mary Kathawa and Pro Wall for all documents sought for 2004 to present, and hereby modifies and limits the time period for all requests at issue to 1999 to 2003.

The Court has reviewed the document requests for the subpoenas to Ms. Kathawa and Pro Wall and notes that these parties have agreed to produce documents for the time period of 1999 to 2003 responsive to Req. Nos. 1, 10, 11, 12, 13, 18, 19 and 21 for Ms. Kathawa and to Req. Nos. 1, 3, 9, 10, 11, 15, 16 and 17 for Pro Wall.  If these documents have not already been produced, Ms. Kathawa and Pro Wall are **ORDERED** to produce them *on or before June 15, 2010*.  With regard to Req. Nos. 7, 8, and 9 directed to Ms. Kathawa and Req. Nos. 4, 5 and 14 to Pro Wall, the parties have stated that no responsive documents exist to these requests.

Plaintiff, Century Surety, states that it seeks the requested information to clarify what entities were engaged in lath and plaster and interior drywall work at what time, sharing resources and employees. The Plaintiff has identified two addresses, 360 South Spruce Street, Escondido, CA 92023 and Post Office Box 3058, Escondido, CA 92033 and alleges that Ms. Kathawa operated more than one business which shared resources and employees and worked on the same projects performing lath and plaster and drywall work out of these offices/addresses.

Ms. Kathawa has objected to the scope of Req. Nos. 2, 3, 4, 5, 6, 16 and 20 which seek information with regard to any entities run or managed by her and seeks to limits her responses for these requests to Pro Wall, Pacific Lath and Plaster and Master Design.  Ms. Kathawa has also objected to the scope of Req. Nos. 14, 15 and 17 which seek a broad range of business records and has agreed to produce only Articles of Incorporation.

1    Upon review of the moving papers and requests issued to Ms. Kathawa, the Court hereby
2 GRANTS IN PART and DENIES IN PART Ms. Kathawa's Motion to Quash and hereby modifies and
3 limits Req. Nos. 2, 3, 4, 5, 6, 14, 15, 16, 17 and 20 to: 1) businesses operating out of either of the two
4 above-identified addresses; 2) who performed lath and plaster or drywall work; and 3) during the period
5 of 1999 to 2003. Ms. Kathawa's other objections are overruled and she is hereby ORDERED to produce
6 all responsive documents to modified Req. Nos. 2, 3, 4, 5, 6, 14, 15, 16, 17 and 20.  If these documents
7 have not already been produced, Ms. Kathawa is **ORDERED** to produce them ***on or before June 15,***
8 ***2010***.

9    Upon review of the moving papers and requests issued to Pro Wall, the Court hereby GRANTS
10 IN PART and DENIES IN PART Pro Wall's Motion to Quash and hereby modifies and limits Req. Nos.
11 2, 6, 8, 12 and 13 to lath and plaster and drywall work during the period from 1999 to 2003.  With
12 regard to Req. No. 7 which seeks pleadings, discovery and correspondence for all litigation that Pro
13 Wall has been involved in, either as a party or consultant, the Court finds this request overly broad and
14 burdensome as written and hereby modifies and limits the request to pleadings where the underlying
15 cause of action occurred between 1999 and 2003.  Pro Wall's other objections are overruled and Pro
16 Wall is hereby **ORDERED** to produce all responsive documents to modified Req. Nos. 2, 6, 7, 8, 12 and
17 13.  If these documents have not already been produced, Pro Wall is **ORDERED** to produce them ***on or***
18 ***before June 15, 2010***.

19    IT IS SO ORDERED.

21 DATED: June 1, 2010

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court